
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHESTER L. MITCHELL, | No. 10-15816 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01624-DLB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted June 14, 2011[**]
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and ANELLO, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

Chester Mitchell appeals the district court's judgment affirming the Commissioner of Social Security's denial of his application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mitchell contends the Administrative Law Judge ("ALJ") did not properly take into account Mitchell's severe borderline intellectual functioning. The ALJ considered it, however, and concluded that the impairment resulted in few functional limitations, none of which were work-related. The ALJ noted that Mitchell was diagnosed with borderline intellectual functioning, not mental retardation, and found that Mitchell had been able to work in the competitive workplace as a construction laborer.

These findings are supported by substantial evidence. Dr. Stoltz observed that Mitchell was alert, cooperative, and well-oriented in all spheres, and concluded that Mitchell's only limitations were that he should not operate heavy machinery or drive. Dr. Spindell opined that Mitchell could perform work activities on a consistent basis without special or additional supervision, could complete a workweek without interruptions resulting from his psychiatric condition, could accept instructions from supervisors, and could interact with co-workers and the public. Furthermore, Dr. Spindell stated that Mitchell had the

ability to perform daily activities, could maintain social relationships, had the ability to sustain concentration, persistence, or pace, and could function outside highly supportive arrangements. Dr. Spindell thus concluded that Mitchell could enter the workforce in several entry-level capacities.

The record reflects that Mitchell's borderline intellectual functioning affects his inability to perform detailed and complex tasks. The ALJ, however, considered such limitations when he concluded that Mitchell could perform unskilled jobs. *See* 20 C.F.R. § 416.968(a) ("Unskilled work is work which needs little or no judgment to do *simple* duties that can be learned on the job in a short period of time." (emphasis added)). Mitchell does not allege what other limitations he has as a result of his borderline intellectual functioning. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (finding that the only concrete limitation resulting from claimant's severe borderline intellectual functioning was her inability to perform complex tasks).

**AFFIRMED**.